# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| ROBERT KASPER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:21-cv-03181-RK |
| UNITED PARCEL SERVICE, INC., | ) ) ) |
| and, | ) ) |
| JOSHUA DAMPIER, | ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff Robert Kasper's Motion to Remand (Doc. 8) which has been fully briefed and is ready for decision. (Docs. 9, 13.) Also pending are Defendant's Motion to Strike (Doc. 19) and Plaintiff's Motion for Leave to File Reply Brief Out of Time and Suggestions in Opposition to Defendant's Motion to Strike (Doc. 22). After careful consideration, and for the reasons below, Plaintiff's Motion to Remand (Doc. 8) is **GRANTED**; Defendant's Motion to Strike (Doc. 19) is **DENIED as moot**; and Plaintiff's Motion for Leave to File Reply Brief Out of Time and Suggestions in Opposition to Defendant's Motion to Strike (Doc. 22) is **DENIED as moot**.

## Background

Plaintiff filed his Petition on June 3, 2021, in the Circuit Court of Greene County, Missouri. (Doc. 1-1.) Plaintiff's Petition alleged Defendant United Parcel Services, Inc. ("UPS") was negligent through its driver Dwayne Downing's operation of a UPS vehicle that was involved in a multi-vehicle accident. (Doc.1-1, ¶¶ 5-9.) The accident occurred on August 30, 2020, on Interstate 44 just outside Springfield, Missouri. (Doc. 1-1, ¶ 3.) UPS removed the case to federal court on July 19, 2021, based on complete diversity of citizenship. (Doc. 1.) Upon removal, UPS filed its Answer on July 23, 2021. (Doc. 6.) On August 11, 2021, Plaintiff filed his First Amended Complaint and joined Defendant Joshua Dampier ("Dampier") another driver involved in the same multi-vehicle accident, alleging Dampier was also negligent in his operation of his vehicle, resulting in the multi-vehicle wreck. (Doc. 7, ¶¶ 4-5, 8-10.) Dampier is a resident of El Dorado

Springs, Missouri.  (Doc. 7, ¶ 2.)

On August 17, 2021, Plaintiff filed this Motion to Remand.  (Doc. 8.)  Plaintiff argues that remand is proper because this Court no longer has subject matter jurisdiction in that Dampier is a nondiverse party.  (Doc. 9 at 2.)  UPS argues that even if Dampier is a nondiverse party, Dampier was joined for the sole purpose of defeating subject matter jurisdiction, and thus, his joinder should be denied and he should be dismissed from the case.  (Doc. 13 at 2.)  Importantly, both Plaintiff and Defendant UPS agree that this case does not involve fraudulent joinder (*see* Docs. 9 at 3-4 & 13 at 3) but rather presents a question of equity.  Because the issue of fraudulent joinder is not before the Court, the Court limits its discussion accordingly.[1]

## Legal Standard

A civil case filed in State court may be removed to federal court only if the federal court would have had subject matter jurisdiction originally.  28 U.S.C. § 1441(a).  Subject matter jurisdiction based on diversity of citizenship is proper so long as the "matter in controversy exceeds the sum or value of $75,000."  28 U.S.C. § 1332(a).  But, if at any time, "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to State court.  28 U.S.C. § 1447(c).  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id.* at § 1447(e).  Further, the "district court is required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

## Discussion

In his motion to remand, Plaintiff argues that equity weighs in favor of joinder and remand.  The Court agrees.  In addressing whether granting remand is equitable, the Eighth Circuit has adopted the Fifth Circuit's *Hensgens* balancing test.  *See, e.g., Bailey v. Bayer CropScience L.P.*, 536 F.3d 302, 309 (8th Cir. 2009) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).  The Eighth Circuit has instructed that when a court is faced with an amended complaint that adds a nondiverse party, the court is required to consider: (1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, (2) whether the plaintiff has been

---

[1] Additionally, neither Plaintiff nor Defendant claim Dampier is an indispensable party requiring joinder, quite the opposite.  (*See* Doc. 13 at 2.)  Because required joinder under Fed. R. Civ. P. 19(a) is not before the Court, the Court proceeds under a theory of permissive joinder.  Accordingly, the Court retains its discretion under 28 U.S.C. § 1447(e) and Fed. R. Civ. P. 21.

2

dilatory in asking for amendment, and (3) whether the plaintiff will be significantly injured if amendment is not allowed. *Id.*

The first factor asks whether joinder of the nondiverse party is for the purpose of defeating federal jurisdiction. While joinder of Dampier has the effect of defeating diversity jurisdiction, the record outside of Defendant's argument in its suggestions in opposition (Doc. 13) does not show that joinder of Dampier was intended solely to destroy diversity. The record is silent on this issue. The only change to the First Amended Complaint adds Dampier as a defendant and alleges a negligence claim against him. This added count against Dampier arises out of the subject multi-vehicle accident and alleges Dampier was the driver of the vehicle causing the accident. However, Defendant's argument that Plaintiff should have known of other possible defendants prior to amending the Petition is persuasive in determining whether joinder was meant to defeat federal jurisdiction. Defendant notes, "[i]n the two months between plaintiff's Petition and First Amended [Complaint], the only change in circumstance was defendant's removal of this case to [federal] Court." Plaintiff's Suggestions in Support (Doc. 9) assert no facts to the contrary. Accordingly, the first factor weighs in favor of denying permissive joinder of the nondiverse party.

The second factor asks whether the party seeking to join a nondiverse party improperly delayed doing so. Here, Plaintiff amended his Petition and joined Dampier as a matter of course consistent with Federal Rule of Civil Procedure 15(a)(1)(B). Importantly, Plaintiff did not need to (and did not) seek leave to amend from the Court. This distinguishes Plaintiff's case from *Bailey*. In *Bailey*, the plaintiff waited a year before filing his motion to amend and failed to inform the court that the joinder would defeat diversity. *Bailey*, 563 F.3d at 309. Here, Plaintiff did not wait months, much less a year, but rather amended their complaint consistent with Rule 15(a)(1)(B) without needing leave from the Court. This weighs against a finding of dilatory delay. Accordingly, the second factor weighs in favor of permitting joinder and remanding the case.

The third factor asks whether the plaintiff will be injured if not allowed to join the nondiverse defendant. Here, if joinder of Dampier is not allowed, Plaintiff will have to litigate in two forums—federal and state. (*See* Doc. 9 at 2.) Plaintiff's interest aligns with the interest of judicial economy, and Plaintiff's claims are best litigated in a single suit. Accordingly, the third factor weighs in favor of permitting joinder and remanding the case.

Because two of the three equitable factors weigh in favor of remand, and the Court is required to resolve all doubts in favor of remand, the Court permits joinder and remands the case

back to the Circuit Court of Greene County, Missouri.

## Conclusion

Accordingly, the Court **ORDERS** as follows:

(1) Plaintiff Robert Kasper's Motion to Remand (Doc. 8.) is **GRANTED;**

(2) Because the Court did not rely on Plaintiff's overdue reply suggestions,

    a. Defendant's Motion to Strike (Doc. 19) is **DENIED as moot**;

    b. Plaintiff's Motion for Leave to File Reply Brief Out of Time and Suggestions in Opposition to Defendant's Motion to Strike (Doc. 22) is **DENIED as moot**;

(3) This case is **REMANDED** to the Circuit Court of Greene County, Missouri.

    **IT IS SO ORDERED.**

    /s/ Roseann A. Ketchmark
    ROSEANN A. KETCHMARK, JUDGE
    UNITED STATES DISTRICT COURT

DATED: November 9, 2021

4

Case 6:21-cv-03181-RK   Document 27   Filed 11/09/21   Page 4 of 4